[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 11, 1997 Date of Application August 2, 1997 Date Application Filed August 4, 1997 Date of Decision November 23, 1999 CT Page 15887
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield (Bridgeport).
John Gulash, Defense Counsel, for Petitioner.
Steven Sedensky Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
In D.N. 96-125234, the petitioner pleaded guilty to one count of robbery, 1st degree (§ 53a-134 (a)(2) and one count of kidnaping, 1st degree (§ 53a-92 (a)(2)(B).
He was sentenced to 15 years, execution suspended after 8 years, with probation for 5 years on both counts, concurrent.
In D.N. 96-125235, he pleaded guilty to one count of robbery, 1st degree (§ 53a-134 (a)(2) and received a like sentence, also concurrent, for a total effective sentence of 15 years, execution suspended after 8 years, with probation for 5 years. Both cases arose out of two robberies committed on December 19, 1996, when the petitioner was 15 years of age.
In one case, at approximately 9:30 p. m., the petitioner and a co-defendant, reportedly 21 years of age, wearing black masks and hooded sweatshirts, and displaying a silver handgun held up a Chinese restaurant in Shelton, taking $80.00 from the cash register.
In the second case, approximately thirty minutes later they held up a variety store in Monroe. In that case the victim was forced into a back room, his wrists and ankles taped. Cash and lottery tickets were stolen in this robbery which was recorded on a video camera.
The police were given the license plate number of the robbers CT Page 15888 car and they were caught in Trumbull shortly thereafter. A .22 caliber pistol was found on the petitioner.
The petitioner entered guilty pleas pursuant to an agreement of a cap of 15 years, execution suspended after 10 years with the right to argue. The co-defendant also entered guilty pleas to the same charges, but with a cap of 15 years, execution suspended after 8 years, with the right to argue. The co-defendant received a total effective sentence of 15 years, execution suspended after 6 1/2 years.
Both defendants were sentenced by the same judge and on the same day. The Court and the State's Attorney differentiated between the defendants on the basis of their prior records and the fact that the petitioner carried the gun.
The petitioner argues that there were mitigating factors overlooked by the sentencing judge, that should, at the very least, equalize the sentences. These include the age difference, the petitioner's psychological depression, personal limitations (he was a Special Education student) among others.
The petitioner has a history of drug abuse, of being a behavioral problem in school with suspensions for fighting. Because of his age, he had no adult criminal record but had been arrested for possession of marijuana, assault 3rd degree, interfering with a police officer, criminal mischief, assault 2nd degree, a 2nd assault 3rd degree and breach of peace.
He admittedly sold marijuana in high school (earning approximately $75 per week) and had started using cocaine shortly before these robberies.
The co-defendant reportedly had no record at all-adult or juvenile-and, although he participated in the robberies, it was the petitioner who terrorized the victims by wielding his hand gun.
There was always a differentiation made between the co-accused. That differentiation is reasonably based on the facts alluded to by the sentencing Court, and both got reductions from the appeal sentences. In fact, the petitioner got two years less to serve, while the co-accused got 1 1/2 years less than the cap (on the period of incarceration). CT Page 15889
The Division concludes that the sentence imposed was neither disproportionate nor unreasonable. (See P.B. § 43-28). Accordingly, it is affirmed.
Klaczak, Miano and Ianotti, J.s, participated in this decision.